

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2007

# Edwards v. PA Bd Probation

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Edwards v. PA Bd Probation" (2007). *2007 Decisions.* Paper 439.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/439

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-370                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1519
_____

ROBERT A. EDWARDS,

Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE;
BENJAMIN MARTINEZ; MICHAEL L. GREEN; GERARD N. MASSARO;
ALLEN CASTOR; JEFFREY R. IMBODEN; GARY R. LUCHT;
SEAN R. RYAN; MICHAEL M. WEBSTER; LLOYD A. WHITE;
BARBARA K. DESCHER; NICHOLAS P. MULLER;
OFFICE OF THE ATTORNEY GENERAL-COMMONWEALTH OF
PENNSYLVANIA

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-06687)
District Judge:  Honorable Stewart Dalzell

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2007

Before:  SLOVITER, CHAGARES AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed September 13, 2007)
_____

OPINION
_____

PER CURIAM

Robert Allen Edwards, an inmate at SCI-Graterford, challenges the denial of his requests for re-parole. For the reasons set forth herein, we will summarily affirm the judgment of the District Court.

Edwards was convicted of first-degree murder in 1973 and sentenced to life imprisonment. In 1984, his life sentence was commuted to fifteen years to life, making him eligible for parole. He was paroled in 1988, but after he was convicted in federal court for conspiracy, bank fraud, and money laundering, he was recommitted as a convicted parole violator to serve twenty-four months of backtime. On June 28, 2005, the Pennsylvania Board of Probation and Parole ("The Board") denied Edwards re-parole, citing his lack of remorse for the offense committed, his prior history of supervision failures, and his interview with the hearing examiner and/or board member. At that time, the Board indicated that Edwards would be reviewed again in or after June 2006. On August 31, 2006, the Board again denied Edwards' request for re-parole, this time citing his minimization of the nature and circumstances of the offense committed, the negative recommendation by the Department of Corrections, and his prior history of supervision failure. The Board's notice concluded: "You will serve your unexpired maximum sentence of life."

On February 28, 2006, Edwards filed a pro se complaint in the United States District Court for the Eastern District of Pennsylvania. In it, he raised two substantive

2

claims, stating that each provided the basis for injunctive and declaratory relief, as well as monetary damages: (i) the Board violated the Ex Post Facto clause of Article I of the Constitution by applying standards enacted by the December 1996 amendments to the Parole Act which were not in effect at the time of his conviction or the commutation of his sentence; and (ii) the Board violated his right to due process and against self-incrimination by requiring him to admit guilt despite his plea of not guilty at trial and his continued efforts to challenge his conviction on collateral review.

The District Court held that, while there might be merit to his Ex Post Facto claims, the proper avenue for relief for such claims was through the filing of a petition for a writ of habeas corpus, and therefore dismissed his first claim. With respect to his second claim, the District Court held that Edwards had no state-created liberty interest in parole and that his Fifth Amendment right against self-incrimination applies in the context of a criminal trial, not a parole hearing and that Edwards has in fact already been incriminated. The Court dismissed his third and fourth claims seeking monetary damages, holding that they were barred either under Will v. Michigan Dep't of State Police, 491 U.S. 58, 59, 70-71 (1989), or by the doctrine of sovereign immunity. Based on the foregoing, the Court denied Edwards leave to amend his complaint, holding that any amendment would be futile, and granted Appellees' motion to dismiss.

Edwards then sought reconsideration, arguing that under Wilkinson v. Dotson, 544 U.S. 74 (2005), he should be permitted to challenge, pursuant to 42 U.S.C. § 1983, the

3

constitutionality of the procedures used by the Board in deciding whether to grant parole or re-parole. In light of this holding, the District Court granted Edwards' motion for reconsideration and permitted him to amend his complaint.

Edwards filed his amended complaint on October 6, 2006, following the Board's final denial of his request for re-parole, which concluded: "You will serve your unexpired maximum sentence of life." In his amended complaint, Edwards alleged that on July 28, 2003, the Board ordered him to serve twenty-four months of backtime, in excess of the presumptive range of twelve months, without providing any justification and, that on June 28, 2005, the Board again denied him re-parole based on reasons set out in the 1996 Parole Act amendments, rather than those in effect at the time of his conviction or commutation. Finally, he alleged that on August 31, 2006, the Board again refused to re-parole him, this time ordering him to serve his unexpired maximum sentence of life without citing any "legitimate non-retaliatory penological reasons." Based on these facts, Edwards claimed: (i) the Board recommitted him to serve his unexpired maximum life sentence in retaliation for filing the instant lawsuit; (ii) his recommittment violated his right to be free of cruel and unusual punishment under the Eighth Amendment; and (iii) the procedures used by the Board in reaching its decision violated the Ex Post Facto clause.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We have carefully reviewed the extensive filings submitted by the parties in the District Court, as

4

well as the relevant case law and statutes. For the reasons set forth in the District Court's thorough and well-reasoned opinion, we agree that Edwards' claims are without merit. We note that, as Appellees concede, and as the District Court indicated several times in its opinion, despite the Board's order that Edwards serve his unexpired maximum sentence of life, he retains the right pursuant to 61 Pa. Cons. Stat. Ann. § 331.22 to seek re-parole once per year for the remainder of his sentence. Additionally, as we advised in our order of March 27, 2007, to the extent Edwards seeks to challenge the substance of the Board's August 31, 2006 order denying him re-parole, he may file a new petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Because this appeal presents no "substantial question," we will summarily affirm the judgment of the District Court for all of the reasons set forth in the District Court's opinion. See 3d Cir. LAR 27.4 & I.O.P. 10.6. Appellant's motion for the appointment of counsel is denied.